**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NICOLE TYNES** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No.: 1:23-cv-00319-RDB** |
| **MAYOR AND CITY COUNCIL** | : | |
| **OF CITY OF BALTIMORE** | : | |
| **Defendant.** | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT,
AND MOTION FOR CONSOLIDATION**

The Mayor and City Council of Baltimore (referred to as the "Defendant" or "the City"), by and through undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), or in the alternative, Motion for Summary Judgment, with prejudice and without leave to amend, and its Motion for Consolidation pursuant to Fed. R. Civ. P. 42 based upon the grounds and authorities set forth below.

## I.    PROCEDURAL HISTORY

Plaintiff has filed the within complaint with the United States District Court for the District of Maryland ("USDC") based on allegations that arose from her employment with the City of Baltimore as a Paramedic with the Baltimore City Fire Department ("BCFD").  Plaintiff seeks injunctive relief and monetary compensation in the form of this Court barring discrimination based on the Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") EEOC Charge No. 531-2022-02982, dated June 17, 2022 on the basis of her race, color, sex and retaliation (hereafter referred to as the "2022 EEOC Charge"), and

pursuant to a Notice of Right to Sue dated November 7, 2022  *See, Exhibit "1 and 2."*

However, it is respectfully submitted that Plaintiff has already filed a USDC Complaint currently

pending with this honorable court under case number 1:22-cv-1452-ELH before the Honorable

Ellen Lipton Hollander that involve the same/similar facts, allegations, causes of action and

request for relief.[1] The first USDC Complaint currently pending under case number 1:22-cv-

1452-ELH before Judge Lipton Hollander was filed on June 17, 2022 after Plaintiff received a

Notice of Right to Sue on her 2018 EEOC charge, amended and second amended charges which

were all dismissed (hereafter referred to as the "2018 EEOC Charges."). *See, Exhibits "3a, 3b*

*and 3c."*  The EEOC adopted the findings of the local agency that investigated (the CRC) and

provided Plaintiff with a 90-day Notice of Right to Sue dated March 18, 2022. *See, Exhibits "4*

*and 5."*  Plaintiff has not been employed with Defendant since September 8, 2021, as such there

are no new facts or allegations.  The facts and circumstances surrounding the 2022 EEOC

Charge No. 531-2022-02982 filed by Plaintiff and her 2018 EEOC Charges No. 12B-2018-

00039 are similarly related.

By way of background, Plaintiff filed a 2016 EEOC Charge dated April 18, 2016, alleging

race discrimination and retaliation (hereafter referred to as the "2016 EEOC Charge."). *See,*

*attached Exhibit "6."*  The EEOC issued its Notice of Suit Rights dated February 6, 2017 adopting

the findings of the local agency the Maryland Commission on Civil Rights ("MCCR") that

investigated and dismissed the Charge with a No Probable Cause finding. *See, Exhibits "6, 7 and*

*8" respectively.*

---

[1] The USCDC Complaint and Amended Complaint filed under Case No. 1:22-cv-1452-ELH will be referred to hereafter as "Case #1" or "the first USDC Complaint." The USCDC Complaint filed under Case No. 1:23-cv-00319-RDB will be referred to as "the within current" or "the second USDC Complaint."

Thereafter, Plaintiff filed a 2018 EEOC Charge dated July 6, 2018 initially filed with the Baltimore Community Relations Commission ("CRC") on July 6, 2018 and dual-filed with the EEOC on July 9, 2018 alleging retaliation.  *See, Exhibit "3a."*  On October 29, 2020, Plaintiff *amended* her 2018 EEOC Charge adding on allegations II-VIII, and adding disability discrimination. *See, Exhibit "3b."*  Subsequently, on October 4, 2021, Plaintiff amended her 2018 EEOC Charge a second time adding on allegations IX and X.  *See, Exhibit "3c."*  On December 10, 2021, the CRC issued a Finding of No Probable Cause to Plaintiff.  *See, Exhibit "4."*  In this regard, the EEOC dismissed the 2018 charge, amended and second amended charges adopting the findings of the local agency that investigated (the CRC) providing Plaintiff with a 90 day Notice of Right to Sue dated March 18, 2022.  *See, Exhibit "5."*

Following the Notice of Right to Sue dated March 18, 2022, Plaintiff filed a Complaint with the USDC under Case No. 1:22-cv-1452 on June 17, 2022.[2]  In her Amended Complaint currently pending before the USDC, Plaintiff is seeking injunctive relief in the form of the USDC barring discrimination on the basis of disability and retaliation, as well as monetary compensation.

Contemporaneously while filing her first USDC Complaint, Plaintiff filed yet another EEOC Charge No. 531-2022-02982 dated June 17, 2022 alleging discrimination on the basis of ***race, color, sex and retaliation*** which allegations/particulars in its I-XXII almost mirror the exact same allegations in the Charge subsequently filed and currently pending before the Maryland Commission on Civil Rights ("MCCR") and automatically dual-filed with the Equal Employment Opportunity Commission ("EEOC") under case numbers MCCR #2208-0372/EEOC #12F-2022-00733.  *See, MCCR Charge at Exhibit "9."*  BCFD has filed its position statement requesting

---

[2] Plaintiff has since filed an Amended Complaint under Case No. 1:22-cv-1452 following Defendant's Motion to Dismiss and Motion for Summary Judgment currently pending in that action.

dismissal of the MCCR discrimination charge as a result.  *See, MCCR Charge at Exhibit "10."*
The MCCR decision is pending.[3]

It is submitted that Plaintiff has multiple charges with the EEOC and now with this
honorable Court on the same grounds.

## II.    STANDARD OF REVIEW FOR GRANTING A MOTION TO DISMISS

The purpose of a Rule 12(b)(1) and 12(b)(6) motion is to test the sufficiency of a complaint.
*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Dismissal for failure to state a
claim upon which relief can be granted is proper under Fed. R. Civ. P. 12(b)(6) when "it is clear
that no relief could be granted under any set of facts that could be proved consistent with the
allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355
U.S. 41, 45-46 (1957).  Importantly, the Fourth Circuit has stated that [a Rule 12(b)(6) motion]
does not resolve contests surrounding the facts, the merits of a claim, or the applicability of
defenses.'" *Edwards*, 178 F.3d at 243, quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th
Cir. 1992).

When considering a motion to dismiss, the court must view well-pled allegations in the
light most favorable to the plaintiff as true.  *Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974); see also
*Albright v. Oliver*, 510 U.S. 266, 268, (1994).  The court need not accept unsupported allegations
or legal allegations.  *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Nor
should a court need accept conclusory factual allegations that lack reference to actual events.
*United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  "Even under the liberal
standards of the Federal Rules of Civil Procedure, a plaintiff 'must at least set forth enough details

---

[3] Plaintiff filed the MCCR Charge dated 8/15/2022. While MCCR was in its process of reviewing the matter and scheduling its Fact Finding Conference, Plaintiff immediately proceeded to request a Notice of Right to Sue. However, MCCR is reviewing the matter due to possible duplication. *See attached MCCR email at Exhibit 11.*

so as to provide [a] defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery.'" *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1227 (4th 1998) (quoting *Self Directed Place Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990)).

## III.   ARGUMENT

### A. PLAINTIFF HAS TWO (2) ACTIONS PENDING BEFORE THIS COURT THAT ARISE OUT OF THE SAME FACTS, ALLEGATIONS AND CLAIMS

**All Claims and Causes of Action in this within second USDC Complaint that are the same or similar to those in the first USDC Complaint arising out of the Notice of Right to Sue dated March 18, 2022, must be dismissed**

Plaintiff has two (2) actions currently pending before this honorable Court that arise out of the same facts, allegations and claims. As such, the Defendant requests that all claims and causes of action that are the same or substantively similar to those already raised in the First USDC Complaint filed by Plaintiff on June 17, 2022 under Case No. 1:22-cv-1452 arising out of the 2018 EEOC Charge, Amended and Second Amended Charges must be dismissed in their entirety with prejudice.

Plaintiff received her 90 day Notice of Right to Sue dated March 18, 2022 as a result of filing her original 2018 charge, amended and second amended EEOC Charge. *See, Exhibit "9."* Plaintiff's 2018, amended and second amended EEOC Charge contained ten factual allegations numbered I through X. *See, Exhibits "5,6 and 7."* Plaintiff is procedurally barred from asserting any allegations in her First Amended Complaint that go beyond the ten factual allegations numbered I through X that were contained in Plaintiff's original 2018, amended and/or second amended EEOC Charge because she failed to allege any of these such allegations in her original 2018, amended and/or second amended EEOC Charge. *See, Exhibits "5,6 and 7."* Thus, it is

asserted that any such allegations that go beyond the scope of Plaintiff's original 2018, amended and/or second amended EEOC Charge alleged in the within First Amended Complaint must be dismissed as they are not within the court's purview of review as the EEOC has only issued a notice of right to sue on the ten allegations numbered I through X contained in Plaintiff's original 2018, amended and second amended EEOC Charge. *See, Exhibits "5, 6, 7 and 9."* All other allegations in the First Amended Complaint before this honorable court must be dismissed. As Plaintiff did not exhaust her administrative remedies with regard to the aforementioned numbered allegations in the within First Amended Complaint. *Dennis v. County of Fairfax, 55 F.3d 151* (4th Cir. 1995).

### B. PLAINTIFF DID NOT ALLEGE ADA/DISABILITY DISCRIMINATION IN HER 2022 EEOC CHARGE NO. 531-2022-02982, DATED JUNE 17, 2022

Upon a review of Plaintiff's 2022 EEOC Charge, it is clear that Plaintiff did not allege disability discrimination. *See, Exhibit 1.* In her 2022 EEOC Charge Plaintiff alleged discrimination based on "race, color, sex and retaliation." The law is well settled in the Fourth Circuit that an employee is precluded from raising a new cause of action before the court in a Title VII case, when the employee failed to raise the claim in her EEOC complaint. Childress v. City of Richmond, 120 F .3d 416, 482 ( 4th Cir. 1997); Evans v. Technologies Applications & Services Co., 80 F.3d 954 (4th Cir. 1996)("(t]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint"); Dennis v. County of Fairfax, 55 F.3d 151 (4th Cir. 1995)("whereas here, the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred"); Riley v. Technical & Management Services, Inc., 872 F. Supp. 1454, 1459 (D. Md. 1995)("[c]ourts may only exercise jurisdiction over claims encompassed within the EEOC charge and claims 'like or

related to allegations contained in the charge, or which grow out of such allegations'")( citations omitted).

Plaintiff has filed this within second USDC Complaint based of the 2022 EEOC Charge and Notice of Right to Sue. Therefore, all facts, claims, allegations and causes of action in the second USDC Complaint with regard to ADA and/or disability discrimination must be dismissed.  Those allegations include but are not limited to Counts I and II in their entirety as well as those allegations at ¶¶ 26-38.  The Notice of Right to Sue is predicated upon the Plaintiff's EEOC Charge No. 513-2022-02982 which is fatally lacking any charge/allegation of ADA and/or disability discrimination. As such, the Court lacks jurisdiction in this regard and those Causes of Action and factual allegations must be dismissed by this honorable Court. Washington v. Burwell, 2017 WL 5197404 (D. Md. Nov. 9, 2017) ([p]laintiff failed to exhaust her administrative remedies and the court lacks subject matter jurisdiction because she provided no indication that she initiated the EEO complaint process related to her discrimination allegation) aff'd, 717 Fed. Appx. 279 (4th Cir. 2018) (unpublished); citing Hicks v. Baltimore Gas & Electric Co., 829 F. Supp. 791 (D. Md. 1992).

### C.  ALL ADDITIONAL FACTS, BACKGROUND, ALLEGATIONS AND CAUSES OF ACTION THAT GO BEYOND THE SCOPE OF THE EEOC CHARGE NO. 513-2022-02982 AND ITS RESULTANT NOTICE OF RIGHT TO SUE, DATED NOVEMBER 7, 2022 MUST BE DISMISSED

Fed. R. C. Proc. 12(b)(6) permits a defendant to file a motion to dismiss a complaint where the facts as pled therein, assuming true, nonetheless fail to state a claim upon which relief may be granted.   In the case at bar, any allegations regarding Battalion Chief Harp, Lara Woolfson, hostile work environment, bullying, harassment and threats, in the within Plaintiff's second USDC Complaint at ¶¶ 15, 19, 20, 22-24 and 62 must be dismissed as these facts as set forth in Plaintiff's within second USDC Complaint are not contained in Plaintiff's 2022 EEOC Charge which is the

subject of the Notice of Right to Sue dated November 7, 2022 that Plaintiff has brought this second USDC case under. As such, the allegations contained in these ¶s of Plaintiff's within second USDC Complaint fail to state a claim upon which relief may be granted and must be dismissed accordingly[4].

### Defendant similarly requests that all allegations and causes of action that reference Plaintiff's 2016 EEOC Charge No. 531-2016-01199 and 2018 EEOC Charge, Amended and Second Amended Charges be Dismissed.

With regard to Plaintiff's 2016 EEOC Charge, the EEOC issued its Notice of Suit Rights dated February 6, 2017 adopting the findings of the local agency the Maryland Commission on Civil Rights ("MCCR") that investigated and dismissed the Charge with a No Probable Cause finding. The time to file a suit regarding any of the allegations contained in Plaintiff's 2016 EEOC case has long since lapsed. *See, Exhibits "6, 7 and 8" respectively.* Similarly, the Notice of Right to Sue for Plaintiff's 2018 EEOC Charges was issued on March 18, 2022 and the time to file a suit regarding allegations contained in Plaintiff's 2018 EEOC Charges has lapsed. Additionally, in Plaintiff's 2018 EEOC Charge(s), the dates of discrimination are clearly delineated in the Charge as commencing on 8/20/2021. *See, Exhibits "3a, 3b and 3c."*

In this regard Defendant refers to (but not limited to) the following paragraphs of Plaintiff's within second USDC Complaint ¶¶ 15-26, Count III, ¶¶ 59-62, Count IV and ¶¶ 66-68, and such other paragraphs as the court deems necessary and appropriate. Therefore, all of the referenced allegations must be dismissed, with prejudice.

---

[4] Note: Plaintiff is conflating these allegations and facts with previously filed older dismissed EEOC cases that are beyond the 90-day time limit and upon which Defendant has filed a Motion to Dismiss/Summary Judgment in the first USDC case. It is important to note that Plaintiff's 2022 EEOC Charge, which is the subject of this second USDC Complaint, has the dates of discrimination commencing on 8/20/2021.

## G. PLAINTIFF'S ALLEGED PROTECTED ACTIVITIES DO NOT SUPPORT A CLAIM FOR RETALIATION

Plaintiff's claim of retaliation are ripe for dismissal under Fed. R. C. Proc. 12(b)(6) as the facts as pled in Plaintiff's within second USDC Complaint, even if assuming true, nonetheless fail to state a claim upon which relief may be granted. To prevail on her claim of retaliation, Plaintiff has to make a prima facie case consisting of three parts: 1) that she engaged in a protected activity; 2) that Defendant took adverse employment action against her; and 3) that a causal connection existed between the protected activity and the adverse action. *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F. 3d 541, 551 (4th Cir. 2006). However, in the instant case, Plaintiff was not retaliated against. Plaintiff is no longer employed by Defendant due to an expiration of medical.

Plaintiff received her EOM and her medical leave expired on September 8, 2021. *See Exhibits "12 and 13" (EOMs).*[5] Plaintiff was deemed "permanently unable to perform the essential functions of a Paramedic" by PSI. Plaintiff informed BCFD that she was not interested in ADA and was thereafter terminated effective September 8, 2021 (the day her medical leave expired). Plaintiff has not been discriminated or retaliated against in any way. Plaintiff's end of employment with BCFD was due to an expiration of medical and was not due to any discriminatory action on the part of Defendant or its employees. Moreover, as has been established, Plaintiff did not make an ADA request or request for accommodation with Defendant. *See Exhibit "14."*

Therefore, it is requested that Plaintiff's retaliation cause of action at Count IV be dismissed in its entirety with prejudice, or in the alternative summary judgment is appropriate and warranted since there is no genuine dispute of fact.

---

[5] An Expiration of Medical (EOM) notification was sent to Plaintiff from BCFD Human Resources Department ("HR") dated September 2, 2021 (which updated the EOM sent to Plaintiff on May 14, 2021). (*See* EOM notification dated September 2, 2021 attached as *Exhibit "12"* and EOM notification dated May 14, 2021 attached as *Exhibit "13"*). Both EOMs advised Plaintiff that her Expiration of Medical Leave cut off date was September 8, 2021.

## IV.  <u>SUMMARY JUDGMENT STANDARD</u>

In the alternative, should this honorable court not find that Plaintiff failed to allege disability and/or ADA discrimination in her 2022 EEOC Charge which is the subject of this lawsuit, the Defendant alternatively requests that the Court grant summary judgment in its favor regarding Plaintiff's Count I and Count II allegations of discrimination on the basis of disability.

The Supreme Court has stated that summary judgment is not disfavored and is to be used whenever appropriate in order to arrive at a just, speedy, and inexpensive resolution of the action. *Celotex Corp. v. Catrett*, 106 U.S. 317, 327 (1986).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P 56(c).  The burden is on the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).  A fact is material for purposes of summary judgment if when applied to the substantive law, it affects the outcome of the litigation.  *Church v. State of Maryland*, 180 F. Supp.2d 708, 715 (D. Md. 2002), *citing Anderson v. Liberty Lobby*, 477 at 248.

Importantly, the mere existence of some alleged factual dispute will not defeat a properly supported summary judgment motion.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). In addition, the non-moving party "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another."  *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Neither may the non-moving party rest upon unsupported allegations contained in pleadings or elsewhere, but instead must project "significant probative evidence" to support the allegations.

*Anderson*, 477 at 249.   Hearsay and self-serving, uncorroborated assertions are insufficient to avoid summary judgment.  *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

While the evidence must be viewed in the light most favorable to the non-moving party, the non-moving party is only entitled to the benefit of the doubt for a "reasonable inference".  *Hinkle v. City of Clarksdale*, 81 F.3d 416, 421 (4th Cir. 1996).  "The court … has an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial."  *Church*, 180 F. Supp.2d at 715, *citing*, *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126 (4th Cir. 1987).

## UNDISPUTED FACTS

Plaintiff began working for BCFD on August 20, 2014.  *Second USDC Compl. at ¶1.*  On September 8, 2021, Plaintiff was dismissed from employment with BCFD.  *See, second USDC Complaint.*  Plaintiff was off duty from 1/12/21 through 8/31/21 for a non-line-of-duty (NLOD).  *See PSI Visitation/Disposition, dated August 31, 2021 signed by Plaintiff, attached as Exhibit "15."*  On August 31, 2021, Plaintiff was released by PSI to full duty. [6]  *See, Exhibit "15."*  Upon returning to work on September 1, 2021, Plaintiff was brought into PSI by her EMS training officer as she was unable to pass the EMS exam, informing the Department that is was due to stress.  Plaintiff advised PSI that she had scheduled an appointment with a BHS counselor. *See PSI Visitation/Disposition, dated September 1, 2021 signed by Plaintiff, attached as Exhibit "16".*  As a result, on September 1, 2021, Plaintiff was deemed "permanently unable to perform the essential functions of a Paramedic" by PSI and she was placed off duty. *See, Exhibit "16."*  PSI

---

[6] Mercy Business and Employee Health Services (also known as the Mercy Medical Public Safety Infirmary (PSI)) is the public safety infirmary for the City of Baltimore.  All City employees must to report to PSI whenever they are going on or off-duty to be examined by a PSI physician.  The only way the employee may return back to work is to go through PSI and be cleared to report back to duty.

noted an appointment date for 2 weeks out, on September 15, 2021, as was its standard practice. *See, Exhibit "16."*

An Expiration of Medical (EOM) notification was sent to Plaintiff from BCFD Human Resources Department ("HR") dated September 2, 2021 (which updated the EOM sent to Plaintiff on May 14, 2021). *See Exhibits "12 and 13."* Both EOMs advised Plaintiff that her Expiration of Medical Leave cut off date was September 8, 2021. Following receipt of the EOM notification, on September 8, 2021, Plaintiff reached out to BCFD HR to inquire whether she qualified for ADA. *See,* email chain attached as *Exhibit "14".* As a result of this inquiry by Plaintiff, she was placed on administrative leave for 30 days effective September 8, 2021 to allow her to participate in the ADA accommodation process.[7] *See, Exhibit "14"* and EOM notification *Exhibit "12.* However, shortly thereafter on September 10, 2021, Plaintiff informed BCFD HR that she "was not interested in ADA." *See, Exhibit "14".* As a result, Plaintiff' employment was terminated effective September 8, 2021 per the EOM notification dated September 2, 2021. *See Exhibits "12 and 14".*

## ARGUMENT AND LEGAL ANALYSIS

As addressed in detail below, Plaintiff cannot establish facts sufficient to show that the Defendant discriminated against Plaintiff under the ADA in termination of her employment. Nor can Plaintiff establish that Defendant had a legal obligation to engage her in the "interactive process." In fact, Plaintiff unequivocally declined the ADA process. This and other federal circuits require that a plaintiff clearly articulate a request for an accommodation and engage in the interactive process. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 579 (4th. Cir. 2015).

---

[7] A copy of the City's Reasonable Accommodations Policy (AM-203-5) and the Reasonable Accommodations Request Form (AM 203-5-1) were sent to Plaintiff by BCFD HR via email. *See, Exhibit "17."*

Count I of Plaintiff's Complaint fails as a matter of law as Plaintiff cannot establish a prima facie claim for failure to accommodate.  Plaintiff claims that Defendant discriminated when it "made a determination that she was unable to perform the essential job functions, with or without reasonable accommodations…" and that "Defendant terminated Plaintiff on September 8, 2021, without giving Plaintiff any opportunity to seek medical confirmation of a disability…or to gather any evidence of this disability…" *Compl. at ¶¶46-48.* However, the facts are undisputed that Plaintiff was placed on administrative leave by BCFD HR for 30 days effective September 8, 2021 to allow Plaintiff to participate in the ADA accommodation process.  *See, email chain at Exhibit 14" and EOM notification Exhibit "13."*  However, on September 10, 2021, Plaintiff informed BCFD HR that she "was not interested in ADA."  *See, Exhibit "14."*  As a result, Plaintiff' employment was terminated effective September 8, 2021 per the EOM notification dated September 2, 2021.  *See, Exhibits "13 and 14."* Moreover, catastrophic leave was never approved by Defendant.

Similarly, Plaintiff alleges in Count II that "Plaintiff was disabled or regarded as disabled as defined by the ADA" and that "Defendant discriminated against Plaintiff on the basis of her disability or perceived disability."  However, Plaintiff has not averred what disability Plaintiff had nor that Defendant was aware of such a disability.  In fact, Plaintiff clearly affirmed to Defendant by email on September 10, 2021 to the contrary that she "was not interested in ADA."  *See, Exhibit "14."*

In evaluating whether a violation of the statute has occurred, the courts *must* apply the same standards as are applied under the ADA.  29 U.S.C. § 794(d); *Hooven-Lewis v. Caldera*, 249 F.3d 259, 268 (4th Cir. 2001); *Hamel v. Board of Educ. of Harford County*, 2018 WL 1453335 *10 (D. Md. May 23, 2018).  To therefore establish a claim of failure to accommodate under the ADA *or*

the Rehabilitation Act, a plaintiff must demonstrate that (1) she is disabled; (2) her employer was aware of her disability; (3) that she could perform the reasonable functions of his position or requested a position with a reasonable accommodation; and (4) her employer refused her an accommodation. *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 579 (4th Cir. 2015); *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (2013).   In the present case, even assuming *arguendo* that Plaintiff can establish that she was disabled, Plaintiff cannot satisfy the remaining elements as she simply did not engage in the ADA process and emphatically informed her employer while being given the opportunity to participate in the ADA process that she "was not interested in ADA."  *See, Exhibit "14."*

With respect to the second element, it is well-settled that the obligation on the part of the employer to participate in the interactive process is "generally triggered when an employee communicates to his employer his disability and his desire for an accommodation for that disability." *See Wilson v. Dollar General Corp.*,717. F3d 337, 345 (4th Cir. 2013), *citing, EEOC. v. C.R. England, Inc.*, 644 F.3d 1028, 1049 (10th Cir. 2011).  The communication by the employee must be sufficiently clear in order that the employer understands both the disability as well as the need for an accommodation.  *Wilson*, 717 F.3d at 247, *citing Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996).  As the Fifth Circuit expressed in *Taylor*, "it is important to distinguish between an employer's knowledge of an employee's disability versus an employer's knowledge of any limitations experienced by the employee as a result of that disability … because the ADA requires employers to reasonably accommodate limitations, not disabilities." *Id. at 164*. *See also Hamel v. Bd. Of Educ. of Harford County*, 2018 WL 1453335 *12 (D. Md. March 23, 2018).  While it is true that no "*magical words*" must be employed by an employee seeking an accommodation.  Here, Plaintiff clearly stated to BCFD HR that she was not interested in the ADA.

The third element of an ADA claim requires that Plaintiff demonstrate that with an accommodation, she could have performed the essential functions of the position she sought. *Jacobs*, 780 F.3d at 579; *Wilson,* 717 F.3d at 345; *Hamel*, 2018 WL 1453335 *10.   Essential function are the primary duties of the position.   *Tyndall v. National Educ. Centers Inc, of California*, 31 F.3d 209, 212 (4th Cir. 1994).   However, Defendant never reached this analysis contrary to Plaintiff's allegation at ¶47 in her Complaint because Plaintiff unequivocally informed BCFD HR that she was not interested in the ADA.   Plaintiff's allegations in the Complaint at ¶¶46-48 that Defendant "discriminated against Plaintiff when it terminated her employment …before Plaintiff had any reasonable opportunity to file a request for reasonable accommodations , in a timely manner;"(¶46) that "Defendant discriminated against Plaintiff when it made a determination that she was unable to perform the essential job functions, with or without reasonable accommodations…" (¶47) and that Defendant terminated Plaintiff on September 8, 2021, without giving Plaintiff any opportunity to seek medical confirmation of a disability … much less appropriately seek reasonable accommodations" (¶48) simply are not true as evidenced by the undisputed facts of this matter.   The undisputed facts show, that it was Plaintiff who advised Defendant that she had absolutely no interest in the ADA.   As such, Defendant never reached any stage to make any such determination on a reasonable accommodation.   *See, Exhibit 14."*

Based on the foregoing, the record reveals that Plaintiff cannot overcome these challenges or satisfy her burden to present a prima facie case under the ADA to be successful on a claim of discrimination.   For all of the reasons set forth above, this Honorable Court should grant the Defendant's motion for summary judgment on Plaintiff's Counts I and II in the within second USDC Complaint.

## V.     <u>MOTION TO CONSOLIDATE PURSUANT TO FED. R. CIV. P. 42(a)</u>

Fed. R. Civ. Proc. 42(a) permits a defendant to file a motion to consolidate if the actions before the Court involve a common question of law or fact.  In that instance, the Court may consolidate the actions to avoid unnecessary cost or delay.  Based on Fed. R. Civ. Proc. 42(a), Defendant respectfully requests that once the pertinent portions of the within second USDC Complaint are dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6), or in the alternative, Defendant's Motion for Summary Judgment is granted, that the remaining counts and allegations in the within second USDC Complaint be consolidated with the first USDC Complaint Case No. 1:22-cv-1452 ELH accordingly.

## <u>CONCLUSION</u>

For all of the reasons stated above, the Mayor and City Council of Baltimore respectfully requests that this Honorable Court grant its Motion to Dismiss, or in the alternative Motion for Summary Judgment, with prejudice and without leave to amend, and its Motion for Consolidation pursuant to Fed. R. Civ. P. 42.

Respectfully submitted,

Ebony Thompson
**CITY SOLICITOR**
**BALTIMORE CITY LAW DEPARTMEMT**
_____/s/_____
Eilene Brown, Esquire #15827
General Counsel, Baltimore City Fire Department
401 E. Fayette Street, Mezzanine
Baltimore, Maryland 21202
Telephone: 410-396-3078
Cell phone: 443-571-4623
eilene.brown@baltimorecity.gov
*Attorney for Defendant*

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I HEREBY CERTIFY that on this 27th day of February, 2023, the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, or in the alternative, Motion for Summary Judgment, and its Motion for Consolidation pursuant to Fed. R. Civ. P. 42 was filed in accordance with the Electronic Filing Requirements and Procedures as established by the U.S. District Court for the District of Maryland.


_____/s/_____
Eilene Brown #15827